133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
CALS INFENATUORA, Defendant-Appellant.
 No. 97-10091.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1997.
Jan. 13, 1998.
 
 Before BRIGHT,** FLETCHER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cals Infenatuora appeals following his conviction and sentence for unauthorized use of an access device (a Discover credit card), in violation of 18 U.S.C. §§ 1029(a)(2) and (b)(1), and possession of five false identifications, in violation of 18 U.S.C. § 1028(a)(3). We have jurisdiction under 28 U.S.C. § 1291.
 
 
 3
 The parties agree that Infenatuora filed a timely notice of appeal. We agree. The "Application for Certificate of Probable Cause" satisfies the requirements of Federal Rule of Appellate Procedure 3(c). The fact that Infenatuora did not identify this court as the court to which he intended to appeal is not fatal.
 
 
 4
 The only issue the parties dispute is whether the Government breached the plea agreement. We conclude that it did not. The Government promised not to oppose Infenatuora's request for an offense-level reduction for acceptance of responsibility if the probation officer recommended such a reduction. The presentence report recommended a two-level reduction for acceptance of responsibility (the maximum for which Infenatuora was eligible), the Government did not oppose that at sentencing, and the district court granted the reduction. The fact that the Government challenged the sincerity of Infenatuora's remorse in arguing that the district court should sentence at the top of the guideline range does not constitute a breach of the plea agreement because there was no promise as to the Government's recommendation regarding the sentence within the guideline range after the applicable range was determined. Even if there were a breach, it was cured by the district court's explanation that it sentenced Infenatuora at the top of the range for the independent reason that his record indicated "no qualms about engaging in criminal activity."
 
 
 5
 Both parties agree that the following errors require correction by the district court in a limited remand from this court: 1) Count Two of the indictment (the unlawful possession charge) must be dismissed because the indictment failed to include the element of federal jurisdictions; 2) the term of supervised release must be reduced to thirty-six months to reflect the statutory maximum;[1] and 3) the restitution order should be reduced from $107,574.01 to $15,846.31 to reflect only the loss suffered by the victim of the remaining offense of conviction--Discover Card. We agree that these errors require a limited remand for their correction.
 
 
 6
 We therefore VACATE Infenatuora's conviction for unlawful possession of false identifications (18 U.S.C. § 1028(a)(3)) and REMAND with instructions to the district court to dismiss that count. Further, as to Count One. We REMAND to the district court for the limited purpose of entering an amended judgment correcting the term of supervised release and correcting the amount of restitution consistent with this memorandum. The sentence on Count Ore is otherwise AFFIRMED.
 
 
 7
 AFFIRMED in part VACATED in part, and REMANDED with instructions.
 
 
 
 **
 Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Infenatuora specifically requests that the judgment be modified to reflect a three-year term of supervised release. He does not ask for less time than the statutory maximum