FILED
United States Court of Appeals
Tenth Circuit

April 5, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FILIBERTO RUIZ-ROMERO,

Defendant - Appellant.

No. 12-2074

(D. New Mexico)

(D.C. Nos. 1:11-CV-00308-MV-ACT
and 2:95-CR-00650-MV-ACT-1)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **EBEL**, and **MURPHY**, Circuit Judges.

Defendant Filiberto Ruiz-Romero filed a motion for relief under 28 U.S.C.
§ 2255 in the United States District Court for the District of New Mexico. The
district court denied the motion. Defendant now seeks a certificate of
appealability (COA) from this court so that he may appeal the district court's
decision. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of
§ 2255 relief). We deny a COA and dismiss the appeal.

In 1996 Defendant, a citizen of Mexico and a resident alien, pleaded guilty
to one count of transporting an illegal alien. *See* 18 U.S.C. § 1324(a)(1)(A)(ii).
He was ordered removed from the United States on August 14, 1997. On
April 12, 2011, Defendant filed his § 2255 motion claiming that his counsel's
performance was constitutionally deficient under the Supreme Court's decision in

*Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010) (holding that "counsel must inform her client whether his plea carries a risk of deportation"). He asserted that his motion—filed many years after his conviction had become final—was timely because it was filed less than one year after the decision in *Padilla*, which, he argued, recognized a new right "made retroactively applicable to cases on collateral review" by the Supreme Court. 28 U.S.C. § 2255(f)(3). The district court denied relief, observing that this court had held that *Padilla* does not apply retroactively. *See United States v. Chang Hong*, 671 F.3d 1147, 1159 (10th Cir. 2011). Defendant filed a notice of appeal.

Less than three weeks after Defendant filed his notice of appeal, the Supreme Court granted certiorari to decide whether *Padilla* applies retroactively. *See Chaidez v. United States*, 132 S. Ct. 2101 (2012) (granting certiorari). Defendant's brief argued as the sole ground for appeal that *Padilla* should apply retroactively; he further sought abatement of the appeal pending the Supreme Court's decision in *Chaidez*. This court entered an order abating the appeal on November 19, 2012. On February 20, 2013, the Supreme Court held that *Padilla* does not apply retroactively. *See Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013). Despite the adverse decision in *Chaidez*, Defendant filed a motion seeking to lift the abatement and requesting further briefing and oral argument.

As we explain below, we think further briefing and argument unnecessary and we turn to Defendant's request for a COA. A COA will issue "only if the

-2-

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Moreover, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Defendant has not made such a showing. A defendant generally must file a § 2255 motion within one year of the date that his conviction became final. *See* 28 U.S.C. § 2255(f)(1). Defendant's motion was clearly untimely unless it came within the exception to the one-year limitations period for motions raising a newly recognized right made retroactively applicable by the Supreme Court. *See id.* § 2255(f)(3). But *Padilla* is not retroactively applicable. *See Chaidez*, 133 S. Ct. at 1107; *Chang Hong*, 671 F.3d at 1159. Defendant's motion was therefore untimely. The district court was unquestionably correct in so ruling.

Defendant argues for the first time in support of his request for additional briefing and argument that the retroactivity framework set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), is inapplicable to ineffective-assistance claims and to § 2255 motions. Defendant has "waived these

arguments, however, because he did not raise them on appeal in his opening brief." *United States v. Bowling*, 619 F.3d 1175, 1181 n.1 (10th Cir. 2010). They are, in any event, foreclosed by our precedent. *See Chang Hong*, 671 F.3d at 1150 (applying *Teague* retroactivity analysis to ineffective-assistance claim raised in § 2255 motion); *Daniels v. United States*, 254 F.3d 1180, 1194 (10th Cir. 2001) (*Teague* applies to § 2255 motions as well as to § 2254 applications).

We LIFT abatement, DENY a COA, and DISMISS the appeal. We DENY defendant's request for further briefing and argument.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge