**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1492**

In Re:  CALS C. IFENATUORA,

　　　　　　Petitioner.

On Petition for Writ of Error Coram Nobis.
(1:90-cr-00480-1)

Submitted:  May 22, 2013          Decided:  June 14, 2013

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

Writ denied by unpublished per curiam opinion.

Lawrence D. Rosenberg, JONES DAY, Washington, D.C.; Stephanie D. Taylor, JONES DAY, Pittsburgh, Pennsylvania, for Petitioner. Rod J. Rosenstein, United States Attorney, Jonathan Biran, Appellate Chief, William Moomau, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cals Ifenatuora, a native and citizen of Nigeria, filed this writ of coram nobis, seeking relief from a 1992 conviction in the District of Maryland for mail fraud. For the following reasons, we deny the writ.

I.

In 1992, Ifenatuora was sentenced to 24 months imprisonment and 24 months of supervised release after pleading guilty to committing mail fraud, in violation of 18 U.S.C. § 1341. Ifenatuora did not file a direct appeal or a petition under 28 U.S.C. § 2255. In 1996, following his release from prison, Ifenatuora was indicted in the Eastern District of California for unauthorized use of an access device, in violation of 18 U.S.C. §§ 1029(a)(2) and (b)(1), and possession of five or more false identifications, in violation of 18 U.S.C. § 1028(a)(3). Ifenatuora pled guilty to both counts and received a sentence of 37 months imprisonment.[1]

Ifenatuora has been in immigration proceedings since 1993, when the Immigration and Naturalization Service (INS) first issued a show cause order contending that he was deportable for committing two crimes involving moral turpitude. A second

---

[1] The false identification count was vacated on appeal. United States v. Ifenatuora, 133 F.3d 930, 1998 WL 10359 (9th Cir. 1998) (unpublished).

notice was issued in 1998, alleging that Ifenatuora was also deportable because he had been convicted of an aggravated felony (the California conviction). Ifenatuora received a deferral of his removal in 1999. The INS subsequently moved to cancel that deferral, and his administrative proceedings remain ongoing.

In 2010, nearly two decades after his 1992 conviction became final, Ifenatuora filed a writ of coram nobis, contending that his counsel was ineffective under Padilla v. Kentucky, 559 U.S. 356 (2010), for failing to advise him of the possible immigration consequences of his guilty plea. He filed similar actions in the District of Maryland and the Eastern District of California. We placed Ifenatuora's writ in abeyance pending decision in Chaidez v. United States, 133 S.Ct. 1103 (2013),[2] and the parties filed supplemental briefs addressing the impact of

---

[2] In Chaidez, the petitioner, a native of Mexico, filed a writ of coram nobis challenging a 2004 conviction on the ground that her attorney failed to inform her that she pled guilty to a deportable offense. Chaidez, 133 S.Ct. at 1105-06. While her petition was pending, the Court decided Padilla, holding that "the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea." Id. at 1105. The district court and the Seventh Circuit denied the writ on the ground that Padilla was a "new rule" of constitutional law not retroactive to cases on collateral review. Id. at 1106. The Court granted certiorari in Chaidez "to resolve a split among federal and state courts on whether Padilla applies retroactively." Id. at 1107.

that decision.    In light of Chaidez, we deny Ifenatuora's request for the writ.

## II.

The writ of coram nobis is a "remedy of last resort" and is "granted only where an error is 'of the most fundamental character' and there exists no other available remedy." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988)). It "provides a way to collaterally attack a criminal conviction" for an individual who is out of custody "and therefore cannot seek habeas relief" under 28 U.S.C. § 2255. Chaidez, 133 S.Ct. at 1106 n.1.

Ifenatuora claims that he is entitled to the writ because of Padilla. Padilla, however, was decided nearly two decades after Ifenatuora's conviction became final, and, under Teague v. Lane, 489 U.S. 288 (1989), an individual whose conviction has become final "may not benefit" from a new rule of constitutional law "in a habeas or similar proceeding." Chaidez, 133 S.Ct. at 1107. In Chaidez, the Court held that Padilla is such a new rule and "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at 1113.

Seeking to avoid Chaidez, Ifenatuora makes two arguments: that Teague does not apply to federal convictions and that, even

4

assuming Teague applies, Padilla falls within one of Teague's exceptions. We disagree.

Regarding Ifenatuora's first argument, we have already held that Teague applies to federal convictions. In United States v. Martinez, 139 F.3d 412 (4th Cir. 1998), we held that, although Teague "itself involved a challenge to a state conviction, the decision applies to federal prisoners' actions for collateral relief," id. at 416. We explained that the "concern for the finality of criminal convictions" that animated Teague was equally applicable to federal convictions. Id. Accordingly, Teague applies to Ifenatuora's writ.[3]

Ifenatuora's second argument fares no better. Ifenatuora contends that, even assuming Teague applies to his petition, Padilla is a watershed rule of criminal procedure and thus applicable to cases on collateral review. As mentioned, under

---

[3] Ifenatuora makes an additional argument on this point, contending that Teague does not apply to ineffective assistance of counsel claims. This argument, however, is inconsistent with Teague itself, which created two limited exceptions—watershed rules of criminal procedure and substantive rules. Teague, 489 U.S. at 311. We will not create a third exception, particularly given Teague's emphasis on ensuring that retroactivity principles would not vary from rule to rule. See e.g., United States v. Ruiz, 2013 WL 1363765, at *2 (10th Cir. 2013) (unpublished) (noting Teague retroactivity applies to ineffective assistance claims) (citing United States v. Chang Hong, 671 F.3d 1147, 1150 (10th Cir. 2011)); Berry v. United States, 884 F.Supp.2d 453, 461–63 (E.D. Va. 2012) (applying Teague to ineffective assistance claim).

<u>Teague</u>, when the Court announces a "new rule," a "person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding." <u>Chaidez</u>, 133 S.Ct. at 1107. One exception to this rule exists for "watershed rules of criminal procedure." <u>Teague</u>, 489 U.S. at 311. Like Ifenatuora's first argument, this one is also controlled by binding circuit precedent. In <u>United States v. Mathur</u>, 685 F.3d 396 (4th Cir. 2012), we held that <u>Padilla</u> is not a watershed rule because it does not relate to the "accuracy of the factfinding process," and in fact "has little, if anything," to do with that process, <u>id.</u> at 400 (internal quotation marks omitted). Accordingly, Padilla is not a watershed rule, and the <u>Teague</u> exception does not apply to Ifenatuora's petition.

## III.

For the foregoing reasons, we deny the petition for writ of coram nobis. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>WRIT DENIED</u>

6